# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA MURILLO,<br><br>          Plaintiff,<br><br>   v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>          Defendant. | Case No.  1: 22-cv-00947-ADA-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND DENYING REQUEST TO RETAIN JURISDICTION WITHOUT PREJUDICE<br><br>(ECF Nos. 8, 9, 10)<br><br>**DEADLINE: DECEMBER 23, 2022** |

Plaintiff Patricia Murillo initiated this action on July 29, 2022.  (ECF No. 1.)  On October 21, 2022, Plaintiff filed a notice of settlement.  (ECF No. 7.)  Accordingly, the Court vacated all matters and ordered the parties to file dispositional documents by November 18, 2022.  (ECF No. 8.)  However, the parties did not file dispositional documents by November 18; therefore, the Court issued an order to show cause in writing why sanctions should not issue.  (ECF No. 9.)

On December 1, 2022, the parties filed a response to the order to show cause and a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41.  (ECF No. 10.)  In the response to the order to show cause, the parties proffer they missed the deadline due to an unintentional calendaring error and sought to cure the error by filing their dispositional documents concurrently with the response to the order to show cause.  (ECF No. 10-2 at 2.)  Having reviewed the response, the Court shall discharge the order to show cause.

In the stipulation of dismissal, the parties seek to dismiss the action with prejudice, with

each party bearing its own attorneys' fees and costs, "provided that the Court retain ancillary jurisdiction for enforcement of the Settlement Agreement between the Parties in its Order." (ECF No. 10 at 2.)  In the proposed order of dismissal, the parties indicate they seek the Court to retain jurisdiction to enforce the settlement agreement for twelve months from the date of the order of dismissal.  (ECF No. 10-1 at 2.)  For the reasons set forth herein, the parties' stipulated request for the Court to retain jurisdiction shall be denied without prejudice.

The Court finds the request to retain jurisdiction is properly denied on the merits due to several facial deficiencies.  For example, the parties provide no legal authority in support of their request.  Furthermore, the parties request the Court retain jurisdiction to enforce the terms of their settlement, but do not explain why.  Since it is rare for the Court to retain jurisdiction, it is unclear why the Court would retain jurisdiction over the settlement contract and any breach of that contract when the settlement was not reached at a settlement conference that the Court conducted.  The Court further notes that the parties have not consented to the jurisdiction of a United States Magistrate Judge, so this case is assigned to a United States District Judge.  This Court is one of the busiest courts in the country and the Court sees no need to tie up two judges with retention of jurisdiction without good cause.  Finally, while the parties indicate they seek the Court to retain jurisdiction for a period of twelve months, they provide no other information justifying such a period of time for retaining jurisdiction as reasonable or appropriate.  Without more, the Court shall deny the parties' request.  However, the denial shall be without prejudice to the parties submitting a properly-noticed motion or stipulated motion consistent with this order.

Accordingly, IT IS HEREBY ORDERED that:

1.   The Court's November 28, 2022 order to show cause (ECF No. 9) is DISCHARGED;

2.   The parties' stipulated request that the Court retain jurisdiction to enforce the settlement agreement (ECF No. 10) is DENIED without prejudice; and

3.   If the parties wish to file a renewed stipulated motion for the Court to retain jurisdiction over their agreement, they must do so **no later than December 23, 2022**.  Otherwise, the Court will direct the Clerk of the Court to close this case

and adjust the docket to reflect the parties' voluntary dismissal pursuant to Rule 41.

IT IS SO ORDERED.

Dated:   **December 1, 2022**

UNITED STATES MAGISTRATE JUDGE